UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20708-MC-LENARD/GARBER

WESTERNBANK PUERTO RICO

  Plaintiff,
v.

INYX, INC. et al.,

  Defendants.
_____/

**REPORT AND RECOMMENDATION**

  THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Joan A. Lenard.  Pursuant to such reference, the Court has received plaintiff Westernbank Puerto Rico's Motion to Compel Production of Documents From David Zinn and for Contempt Against Inyx [DE 3], the defendants' Responses [DE 5, 6] and Westernbank's Reply [DE 9].  On June 11, 2008, the Court held a hearing on the matter.  On June 16, 2008, the Court entered a Report recommending that Judge Lenard adopt a pair of orders.

  On June 24, 2008, David Zinn filed a motion to have the Court clarify its report [DE 29]. Zinn's specific concern was that he was characterized as a defendant, and that the Court warned sanctions would be appropriate against the "defendants" if the subpoenaed documents were not produced. The Court's language has been clarified below.

  The relevant facts are simple.  Westernbank sued Inyx in Puerto Rico.  And based on that action, Westernbank subpoenaed David Zinn seeking three discs containing 35,000 Inyx documents. When Zinn failed to produce the discs, Westernbank filed this miscellaneous claim against Zinn to enforce the subpoena.

1

Legally, very little is disputed. The parties agree that the subpoena is valid and the documents contained in the discs must be produced. And the parties agree that Inyx has the right to first examine the documents to determine if any are privileged. The only disputed issue is timing. Westernbank argues that Inyx is taking too long to produce the documents. Inyx responds that as the documents the subpoena references are properly sought as party discovery, it has until July 15, 2008, to produce them.

The matter was referred to the Court for a Report and Recommendation; accordingly, the Court respectfully recommends that Judge Lenard adopt the following orders.

1. Westernbank's Motion to Compel is GRANTED in part. Inyx shall produce all documents referenced by the subpoena on or before July 15, 2008. This date is sacrosanct. The Court will not grant any extensions and Inyx is warned that a failure to comply with it will result in sanctions.

2. The Court's understanding is that Zinn no longer has the subpoenaed discs. If the Court is correct, Zinn shall file an affidavit by July 15, 2008 stating he no longer possesses the discs. If the Court is incorrect, Zinn shall deliver the subpoenaed discs to this Court's chambers by July 15, 2008. Failure to do so will result in sanctions against Zinn. Zinn's obligations under the subpoena and this order exist regardless of any actions Inyx takes.

3. Westernbank's Motion for Contempt is DENIED. The Court finds that Inyx's behavior is not willful and a finding of contempt is therefore unwarranted.

The parties have until 4:00 p.m. on July 9, 2008 to file written objections, if any, with U.S. District Judge Joan A. Lenard. See 28 U.S.C. § 636. Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 7th day of July, 2008.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE